THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg (Charlottesville) Division

In re:

    **Scott A. St. Onge**　　　　　　　　　　**Case No. 14-60012-RBC**
    **Debbi L. St. Onge**　　　　　　　　　　Chapter 13

           Debtor(s)

---

SCOTT A. ST. ONGE

and

DEBBI L. ST. ONGE

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　　　　　AP No. 14-06016

FIRST TENNESSEE BANK NATIONAL ASSOCIATION

    Defendant.

**AGREED ORDER AVOIDING THE LIEN OF
FIRST TENNESSEE BANK NATIONAL ASSOCIATION**

This matter comes before the Court upon the Complaint To Avoid Lien filed by Scott A. St. Onge and Debbi L. St. Onge (the "Debtors") against the Defendant, First Tennessee Bank National Association ("First Tennessee"), and First Tennessee having filed an Answer to the Complaint and the parties having agreed as set forth herein and it appearing to the Court as follows:

1.    Debtors commenced this bankruptcy proceeding under Chapter 13 of the Bankruptcy Code with the filing of a voluntary petition on January 6, 2014 (the "Petition Date").

2. Debtors own certain real property and improvements thereon, conveyed to them by General Warranty Deed dated April 25, 2005, commonly known as 12071 Tutts Mill Lane, Culpeper, Virginia 22701 (the "Real Property"), which is more particularly described as:

> All that certain lot or parcel of land, together with all improvements thereon and privileges and appurtenances thereunto belonging, situated, lying and being in Jefferson Magisterial District, Culpeper County, Virginia, containing 5.000 acres, more or less, and being more particularly described as Lot 1 of "Tutts Mill" subdivision according to a survey made by William E. Farnam, L.S., dated January 20, 1997, a plat of which is recorded in Plat Cabinet 5, Slide 171, in the Clerk's Office of the Circuit Court of Culpeper County, Virginia.
>
> TOGETHER WITH and SUBJECT TO the rights of others to use those certain 50' wide easements for ingress and egress and installation and maintenance of service utilities as modified by plat recorded in Plat Cabinet 6, Slide 343.
>
> Tax Map ID No.: **20J 1 1**

3. The Real Property is the principal residence of the Debtors.

4. The replacement value of the Real Property, as assessed by the County of Culpeper, is approximately $232,000.00.

5. EverBank (successor to First Horizon Home Loans) holds a lien in first position on the Real Property pursuant to a Deed of Trust securing a debt in the original amount of $360,000.00 (the "First Deed of Trust"). The First Deed of Trust was recorded in the Culpeper County, Virginia Circuit Court Clerk's Office on August 28, 2007 at 03:57 p.m., at Instrument No. 070007347.

6. First Tennessee holds an inferior lien in second position on the Real Property pursuant to a Second Deed of Trust securing a debt in the original amount of $38,000.00. The Second Deed of Trust was recorded in the Culpeper County, Virginia Circuit Court Clerk's Office on August 28, 2007 at 04:00 p.m., at Instrument No. 070007348.

7. As of the Petition Date, the balance owed to EverBank and secured by the First Deed of Trust was $360,170.16.   As of the Petition Date, the balance owed to First Tennessee and secured by the Second Deed of Trust was $36,036.99. As the amount owed on the First Deed of Trust on the Real Property exceeds its replacement value, there is no equity to which the Second Deed of Trust may attach.

8. On April 1, 2014, First Tennessee filed an Answer to the Complaint within thirty (30) days of the issuance of the summons.

9. First Tennessee, through counsel, consents to the entry of this Order, as evidenced by counsel's signature hereon.

UPON CONSIDERATION of the Complaint and the foregoing, it is accordingly,

ORDERED that, pursuant to 11 U.S.C. § 506, First Tennessee's claim (the "Lien") is hereby disallowed as a secured claim during the pendency of this case; and it is further

ORDERED that First Tennessee's claim is allowed as a non-priority, general unsecured claim subject to payment in accordance with the Chapter 13 Plan, and also subject to any additional review and objections by the Chapter 13 Trustee; and it is further

ORDERED that upon Debtors' successful completion of their Chapter 13 plan, and upon entry of the discharge of any claims subject to discharge, First Tennessee shall release its Lien, and the Lien shall be void for all other purposes; and it is further

ORDERED that the Clerk shall send a Certified Copy of this Order to Debtors' counsel and Debtors shall not file this judgment Order with the Clerk of the Circuit Court of Orange County, Virginia until Debtors complete performance of their Chapter 13 plan and have received an Order of Discharge. Upon receipt of an Order of Discharge, Debtors may file a Certified Copy

of this Order, along with a copy of the Order of Discharge, with the Clerk of the Circuit Court of Orange County, Virginia; and it is further

ORDERED that if the Real Property is sold or refinanced prior to discharge, or if any entity forecloses on a superior security interest that extinguishes the Lien prior to the discharge of this case, or if the case is dismissed or converted without completion of the Chapter 13 Plan, then the Lien is and shall not be avoided, and this Order shall be null and void, and the Lien shall remain in full force and effect.

Date: April 21, 2014

/s/ Rebecca B Connelly
United States Bankruptcy Judge

I ASK FOR THIS:

  /s/ John C. Morgan
John C. Morgan, Esquire, VSB # 30148
John Carter Morgan, Jr., PLLC
98 Alexandria Pike, Suite 10
Warrenton, VA 20186
(540) 349-3232
(FAX) 349-1278
*Counsel for the Debtors/Plaintiffs*


SEEN AND AGREED:

/s/ Douglas S. Rubin
Douglas S. Rubin, Esq.
Samuel I. White, P.C.
1804 Staples Mill Road, Suite 200
Richmond, VA 23230
*Counsel for the Defendant*


SEEN AND NO OBJECTION:

/s/ Herbert L. Beskin
Herbert L. Beskin, Chapter 13 Trustee